UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
SARAH TYRNAUER individually and
on behalf of all others similarly situated

                        Plaintiff,

    -against-

CAVALRY PORTFOLIO SERVICES, LLC

                        Defendant.
===================================

**CLASS ACTION COMPLAINT**

*I.   Introduction*

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

1.    Plaintiff Sarah Tyrnauer brings this action to secure redress from unlawful collection practices engaged in by Defendant Cavalry Portfolio Services, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.     Parties

3.     Plaintiff is a citizen of the State of New York who resides within this District.

4.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.     Upon information and belief, Defendant's principal place of business is located in Valhalla, New York.

6.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.     Jurisdiction and Venue

8.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.     Allegations

10.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.     On or about July 19, 2017, Cavalry Portfolio Services, LLC sent a collection letter to the Plaintiff Sarah Tyrnauer. (see attached exhibit)

12. The said letter was an effort to collect on a consumer debt.

13. The said letter identified the balance as following:

| | |
|---|---|
| **Principal:** | **$1306.12** |
| **Interest:** | **$0.00** |
| **Charges and Fees:** | **$0.00** |
| **Balance:** | **$1306.12** |

14. The least sophisticated consumer would understand that charges and fees would begin to accrue on the account if she did not pay.

15. However, no such charges and fees were accruing on the account.

16. Furthermore, the Defendant was not contractually entitled to charges and fees.

17. The Defendant misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely implied charges and fees could accrue on the account.

18. The Defendant never intended to add any charges and fees to Plaintiff's account.

19. The Defendant further threatened to take an action it did not intend to take, in violation of 15 U.S.C. §1692e(5), when it implied it would add interest, fees and other charges to Plaintiff's alleged debt.

20. The Defendant could have avoided any confusion by not listing charges and fees in its letter at all.[1]

---

[1] *Wood v. Allied Interstate, LLC*, Docket No. 1:17-cv-04921 (N.D. Ill. Jun 30, 2017) ("[B]y stating that fees and collection costs stood at "$0.00," instead of stating something like "N/A" or declining to mention fees and collection costs at all, the letter reasonably could be read to imply that such charges would begin to accrue if Wood did not pay the debt. Why, after all, would Allied include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that that such fees and costs might possibly accrue in the future?")

21. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

22. 15 U.S.C. § 1692e of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --
the character, amount, or legal status of any debt; or

(A) the character, amount, or legal status of any debt; or…

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. The said letter is a standardized form letter.

24. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

25. Defendant's July 19, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10) for failing to clearly state the amount of the debt which is due and owing, and by employing false, deceptive and misleading representations in connection with the collection of a debt.

26. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

27. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

28. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

29. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

30. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

31. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

32. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

33. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

34. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## *V.   Class Allegations*

35. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. The identities of all class members are readily ascertainable from the records of Cavalry Portfolio Services, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

37. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Cavalry Portfolio Services, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

38. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

39. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

40. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

41. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

42. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

43. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

45. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI. Cause of Action

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

> a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;
>
> b) the collection letter was sent to a consumer seeking payment of a personal debt;
>
> c) the collection letter was not returned by the postal service as undelivered;
>
> d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), for failing to clearly state the amount of the debt which is due and owing and by employing false, deceptive and misleading representations in connection with the collection of a debt.

### VII. Violations of the Fair Debt Collection Practices Act

48. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

49. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

50. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.   Jury Demand*

51. Plaintiff demands a trial by jury.

### *IX.   Prayer for Relief*

52. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
July 19, 2018

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

PO Box 520
Valhalla, NY 10595



July 19, 2017

Phone (866) 434-2995 FAX (914) 747-3673
www.cavps.com

Sarah Tyrnouer
**Redacted**

RE:
| | |
|---|---|
| **Original Institution:** | Citibank, N.A. |
| **Original Account No.:** | **Redacted** 2393 |
| **Cavalry Reference No.:** | Redacted 02 |
| **Open Date:** | August 10, 2010 |
| **Charge Off Date:** | Dec 04, 2015 |
| **Principal:** | $1306.12 |
| **Interest:** | $0.00 |
| **Charges and Fees:** | $0.00 |
| **Balance:** | $1306.12 |

Dear Sarah Tyrnouer:

Per your request, please find enclosed the substantiation of your debt. Your account is now subjected to resumption of collection efforts.

The account was acquired by Cavalry SPV I, LLC on June 23, 2017 from Citibank, N.A..

Previous Arrangements:
not applicable

You may contact us at 1-800-724-1757 from 9:00am to 5:00pm, Eastern time, Monday through Friday.

Thank you for giving us the opportunity to address your concerns.

Sincerely,

Christine Acosta

*Cavalry Portfolio Services, LLC*

The document(s) enclosed with this letter may contain a higher balance than the amount you owe today. The amount you owe today is the amount stated at the top of this letter as Balance Due. Any difference between the amount shown on the document(s), and the Balance Due, is due to the application of credits to your account prior to the date of this letter.

> **THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**